**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

|  |  |  |
|---|---|---|
| AMERICAN PETROLEUM INSTITUTE, | ) ) ) | |
| Petitioner, | ) ) ) | No. 26-1053 |
| v. | ) ) | (consolidated with Nos. 26-1055) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) | |
| Respondent. | ) ) | |

_____)

**UNOPPOSED JOINT MOTION TO SEVER CASE NO. 26-1053 AND HOLD IT IN ABEYANCE**

The parties in *American Petroleum Institute v. EPA ("API"),* Case No. 26-1053, Petitioner American Petroleum Institute and Respondent United States Environmental Protection Agency ("EPA"), respectfully move to sever this case from *Sierra Club v. EPA*, Case No. 26-1055 and hold *API* in abeyance for six months to allow the parties to pursue a resolution of the litigation. The *Sierra Club* Petitioners do not oppose this motion.

In support of this motion, the *API* parties state as follows:

1. Petitioners have filed two separate petitions for review challenging an EPA final rule entitled "New Source Performance Standards Review for Stationary Combustion Turbines and Stationary Gas Turbines," published at 91 Fed. Reg. 1910 (Jan. 15, 2026).

2. The Court consolidated the cases *sua sponte*.  ECF No. 2164449.

3. Both *API* and *Sierra Club* Petitioners have submitted petitions for administrative reconsideration to EPA under Clean Air Act § 307(d)(7)(B), 42 U.S.C. § 7607(d)(7)(B), seeking changes to the Rule.

4. Under the Court's scheduling order, procedural motions are due April 15, 2026, and dispositive motions and EPA's certified index to the administrative record are due on April 30, 2026.  ECF No. 2163814.

5. The *API* parties request that *API* be severed from *Sierra Club* and held in abeyance for six months.  API's petition for administrative reconsideration raises a discrete and narrow issue that does not overlap with the issues raised by the *Sierra Club* Petitioners in their petition for administrative reconsideration. EPA is currently considering API's petition for administrative reconsideration. Holding *API* in abeyance to allow EPA to continue reviewing API's petition for administrative reconsideration promotes judicial efficiency by conserving the parties' and the Court's resources.  Were EPA to grant the petition, that could obviate the need for further litigation in *API*.

6. Severing *API* from *Sierra Club* and holding it in abeyance would not delay resolution of *Sierra Club*.  EPA intends to file the certified list on April 30,

2026 in *Sierra Club*, in accordance with the Court's scheduling order. Therefore,

holding *API* in abeyance would not prejudice the *Sierra Club* Petitioners.

WHEREFORE, the *API* parties request that the Court issue an order (i)

severing *API v. EPA*, Case No. 26-1053, from *Sierra Club v. EPA*, Case No. 26-

1055; and (ii) holding *API v. EPA*, Case No. 26-1053, in abeyance with motions to

govern due within six months from the date of that order.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney*
*General*


/s/ *Sarah Izfar*
SARAH IZFAR
U.S. Department of Justice
Environment and Natural Resources
Division
Environmental Defense Section
105 M St. NE
Washington, D.C. 20002
Sarah.izfar@usdoj.gov

*Counsel for Respondent EPA*

*/s/ William L. Wehrum*

Wehrum Environmental Law LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
(302) 300-0388
William_Wehrum@comcast.net

*Counsel for Petitioner the American*
*Petroleum Institute*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 404 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).  The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word 2016 in Times New Roman fourteen-point font.

*/s/ Sarah Izfar*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Sarah Izfar*